IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| GRIDER DRUG, LLC; )<br>LLOYD KRUEGER; GLENDA )<br>DOWNEY;CLINTON SMITH; PEGGY )<br>COOK; MICHAEL GILBERT; NORMAN<br>MCDONALD; NORMA JEAN ROWE;)<br>DALE DUNBAR; and LISA KERR, )<br>          )<br>   Plaintiffs,  )<br>          )<br>vs.         )<br>          )<br>EXPRESS SCRIPTS, INC.   )<br>PGBA, LLC, d/b/a TRICARE; KELLY )<br>HENSLEY; JOHN DUDINSKIE;  )<br>and HUMANA, INC.,    )<br>          )<br>   Defendants.  ) | **JURY TRIAL REQUESTED**<br><br>No.  1:09cv95-R |

**NOTICE OF REMOVAL**

Defendant Express Scripts, Inc. ("ESI") respectfully removes this action from the Circuit Court of Russell County, Kentucky to the United States District Court for the Western District of Kentucky. As grounds for this removal, ESI states:

**Introduction**

1.    This Court has jurisdiction and the action is removable pursuant to 28 U.S.C. § 1442(a)(1), in that ESI is acting as a fiscal intermediary for the United States Department of Defense (DoD) and has been sued for actions taken in such capacity pursuant to its contract with DoD. In the alternative, this Court has jurisdiction of the action pursuant to 28 U.S.C. § 1332(a), and the action is removable pursuant to 28 U.S.C.

§ 1441, in that the only defendants properly joined are diverse from all plaintiffs and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

Parties

2. Plaintiff Grider Drug, LLC ("Grider Drug") is a limited liability company which operates pharmacies in Russell County, Kentucky. On information and belief, the members of Grider Drug are members of the Grider family and are all citizens of Kentucky. Grider Drug is therefore a citizen of Kentucky for purposes of diversity.

3. Plaintiffs Lloyd Krueger ("Krueger"), Glenda Downey ("Downey"), Clinton Smith ("Smith"), Peggy Cook ("Cook"), Michael Gilbert ("Gilbert"), Norman McDonald ("McDonald"), Norma Jean Rowe ("Rowe"), Dale Dunbar ("Dunbar")- and Lisa Kerr ("Kerr") (collectively the "Individual Plaintiffs") allege that they are residents of Russell County, Kentucky. Compl, ¶ 1. Upon information and belief, they are citizens of Kentucky.

4. ESI is a corporation organized under the laws of Delaware with its principal place of business in Missouri. ESI is therefore a citizen of Delaware and Missouri for purposes of diversity.

5. PGBA, LLC ("PGBA") is a limited liability company. Its sole member is Blue Cross Blue Shield of South Carolina, a corporation organized under the laws of South Carolina with its principal place of business in South Carolina. PGBA is therefore a citizen of South Carolina for purposes of diversity.

6. The Complaint alleges that defendants John Dudinskie ("Dudinskie") and Kelly Hensley ("Hensley") are law enforcement officers for the Commonwealth of Kentucky. Compl. ¶¶ 5-6. On information and belief, they are both citizens of Kentucky. They have, however, been fraudulently joined to this action to prevent removal.

7. Humana, Inc. ("Humana") is a corporation organized under the laws of Delaware with its principal place of business in Kentucky. Humana is therefore a citizen of Delaware and Kentucky for diversity purposes. It has, however, been fraudulently joined to this lawsuit to prevent removal.

**Factual Background**

8. ESI is a pharmacy benefit manager (PBM). A PBM provides pharmaceutical drug services to its clients, consisting of, <u>inter alia,</u> insurance companies, HMOs, third-party-administrators and ERISA plans. .An integral part of the PBM business is contracting with retail pharmacies throughout the nation to form a network that can supply pharmaceutical drugs to the beneficiaries of plans operated by ESI's clients.

9. The Individual Plaintiffs allege that they are beneficiaries of plans operated by ESI's clients and that they have, in the past, obtained pharmaceutical drugs from Grider Drug. Compl. ¶ 9.

10. Grider Drug has long had a relationship with ESI and/or its predecessors. On November 3, 2007, Grider Drug informed ESI that it wished to participate in the

network through Wholesale Alliance LLC, d/b/a! Third Party Station. True and accurate copies of the cover letter and the application for Grider No.1, Grider No.2, and Grider No.3 are attached to this Notice as **Exhibits A** through **F**.

II.     On May 1, 2008, ESI and Third Party Station entered into a PSAO Services Agreement. A true and accurate copy of said Agreement is attached as **Exhibit G**. The basic concept of the Agreement was that Third Party Station would act as an agent on behalf of pharmacies such as Grider Drug to negotiate the terms of their participation in the ESI network.

12.     Schedule 1 to the PSAO Services Agreement is a pharmacy provider agreement between ESI and the pharmacies that Third Party Station represents. A true and accurate copy of the provider agreement is attached as **Exhibit H**. Because Grider Drug had appointed Third Party Station as Grider Drug's agent, Grider Drug accepted the terms of the provider agreement.

13.     In August 2005, a Russell County grand jury indicted Leon Grider, one of the principals in Grider Drug, for trafficking in controlled substances. The grand jury also alleged that Leon Grider gave money and drugs to witnesses in the case to induce them not to cooperate with investigating officers.

14.     In July 2008, a Franklin County, Kentucky grand jury indicted Eric Grider on six felony counts of defrauding the Kentucky Medical Assistance Program. Eric Grider is the son of Leon Grider and the pharmacist in charge at one of Grider Drug's locations.

15. The provider agreement between Grider Drug and ESI, based on the PSAO Agreement, authorizes either party to terminate the agreement "without cause upon ninety (90) days written notice to the other party, with such termination effective at the end of such 90-day notice period."

16. On or about October 30, 2008, ESI issued letters giving formal notice of Grider Drug's termination under the Pharmacy Provider Agreement, effective February 10, 2009. True and accurate copies of these letters are attached as **Exhibits I, J** and **K**.

17. Leon Grider and Grider Drug have filed a number of civil lawsuits against various law enforcement officials, local politicians, and others, alleging that the defendants all conspired to violate his civil rights during the criminal investigation. See *Grider Drug LLC* v. *Commonwealth of Kentucky, Office of the Attorney General, et al.,* 3:08-cv-00077-DCR, U.S. District Court for the Western District of Kentucky (Frankfort) (dismissed); *Leon M Grider, et al.* v. *Joe Michael Irvin, et al.,* 1:06-cf-00053-TBR, U.S. District Court for the Western District of Kentucky (Bowling Green) (dismissed); *Leon Grider, et al.* v. *City of Russell Springs, Kentucky, et aI.,* 1:05-cv-00137-TBR, U.S. District Court for the Western District of Kentucky (Bowling Green)(stayed pending the outcome of Leon Grider's criminal case). Upon information and belief, other related cases may be pending in state court as well.

## ESI's **Relationship With DoD**

18. Congress has directed the Secretary of Defense to provide comprehensive health benefits to current and former members of the armed services and their dependents

("DoD Beneficiaries"). 10 U.S.C. § 1071, *et seq.* To that end, Congress directed the Secretary to "establish an effective, efficient, integrated pharmacy benefits program." 10 U.S.C. § 1074g. To facilitate the execution of this duty, Congress authorized the Secretary to contract with private entities for the delivery of health care to which covered beneficiaries are entitled. 10 U.S.C. § 1079.

19. Plaintiffs Dunbar and Krueger are DoD Beneficiaries and are members of the retail pharmacy benefit plan provided by DoD under the name of the TRICARE Retail Pharmacy Program ("TRRx"). The complaint alleges that there are numerous other TRRx beneficiaries in Russell County. Compl. ¶ 3.

20. In order to assist the Secretary of Defense in administering TRRx, DoD contracted with ESI to provide certain pharmacy benefit services to DoD Beneficiaries, including, but not limited to providing a network of retail pharmacies for TRRx and functioning as a fiscal intermediary for the DOD. A true and accurate copy of ESI's contract with DoD will be filed with the Court as soon as an appropriate order sealing that confidential document has been entered.

21. DoD designed its pharmacy benefit plan so that DoD Beneficiaries can fill their prescriptions at either in-network or out-of-network pharmacies. 32 C.F.R. § 199.2 1 (h)(l)(ii)&(iii). DOD Beneficiaries have a lower cost-share for their prescription if they obtain it through an in-network pharmacy. 32 C.F.R. § 199.21(i).

22. Pursuant to the DoD contract, ESI must "maintain and monitor" both the pharmacy network and the pharmacies therein for compliance with federal and state laws.

The DoD contract expressly provides that DoD's objectives in contracting with ESI to assist in administering TRRx include:

    A.    "Achiev[ing] the highest level of beneficiary satisfaction possible through the provision of beneficiary friendly, *high quality, professional retail pharmacy services."* (Emphasis added).

    B.    "Provid[ing] retail pharmacy services in the most economical manner possible while adhering to the *highest standards of retail pharmacy practice."* (Emphasis added).

23.    The DOD contract requires that all of the pharmacies in the network be fully licensed and certified in accordance with applicable Federal and State laws and credentialed according to ESI's criteria.

24.    Under the DOD contract, ESI is vested with the authority to "issue DoD funds to pay for each TRICARE prescription" from the DoD Medicare-eligible Retiree Health Care Fund to reimburse pharmacies for prescriptions dispensed to DOD Beneficiaries. When issuing checks for payments to beneficiaries and providers, ESI is required to imprint each check with the following stamp:

> This payment is made with Federal funds. Fraud in procuring, forging of signature or endorsement, or materially altering this check is punishable under the U.S. Criminal Code.

25.    The DOD contract requires ESI to implement a fraud detection plan relative to the delivery of services under the contract.

## Grider Drug's Current Lawsuit

26.   On June 19, 2009, Plaintiffs filed the instant complaint, a copy of which is attached as Exhibit L. The legal basis for this lawsuit is no model of clarity. Apparently, plaintiffs are asserting a claim for tortious interference with prospective contractual relations: i.e., they claim that EST's termination of Grider Drug from ESI's network will prevent, or at least impair, the Individual Plaintiffs from filling prescriptions at Grider Drug. ESI believes that these allegations are substantially similar to those in the prior lawsuits that Leon Grider and Grider Drug have filed.

27.   As redress for these alleged wrongs, Plaintiffs seek temporary and permanent injunctive relief reinstating Grider Drug to the ESI network; actual damages for "direct and indirect suffering" and emotional distress; punitive damages; and costs and reasonable attorneys' fees.

## Federal Officer Removal Jurisdiction

28.   The Court has subject matter jurisdiction of this action and ESI has the right to remove it pursuant to the federal officer removal statute, 28 U.S.C. § 1 442(a)(l). This statute permits removal of any action against:

> The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension and punishment of criminals or the collection of the revenue.

29.   A private party seeking to remove under federal officer removal must satisfy four criteria:

    A.    It must be a "person."

    B.    It must be "acting under" a federal officer or agency,

    C.    It must be sued for actions "under color of such office."

    D.    It must have a colorable federal defense.

30.    ESI satisfies the "person" requirement of the federal officer removal statute because, as a matter of law, a corporation is a person within the meaning of the statute. I U.S.C. § 1.

31.    ESI satisfies the "acting under" requirement because it was authorized to act for a federal officer - the Secretary of Defense and the DoD - in affirmatively executing duties under federal law. Specifically:

    A.    ESI was assisting the Secretary and DoD in carrying out their statutory obligation to provide a pharmacy benefit to DoD Beneficiaries.

    B.    ESI was assisting the Secretary and DoD in carrying out a basic governmental task - establishing a network of pharmacies - that, absent the contract, the federal government would have had to perform itself.

    C.    ESI was acting as a fiscal intermediary, and using federal funds, to pay for the purchase of pharmaceutical drugs from the network.

32.    ESI satisfies the "under color" requirement because, in terminating Grider Drug from the pharmacy network, ESI was complying with a mandatory duty set forth in the DoD contract. The contract provides that "[p]harmacies and the pharmacy network **shall** be maintained and monitored in accordance with Federal and State laws" (emphasis added). By definition, drug trafficking and Medicaid fraud are not in

accordance with federal and state law. Nor are they in accordance with the highest standards of retail pharmacy practice.

33. ESI has at least a "colorable defense" because, under the express terms of the DoD Contract, ESI is a fiscal intermediary to the DoD. Fiscal intermediaries to the federal government are entitled to official immunity for actions taken pursuant to their contracts with the federal government. Alternatively, ESI has a colorable defense of federal preemption, in that 32 C.F.R. § 199.21(0) preempts state and local laws relating to health care delivery under the TRRx program. Alternatively, ESI has a colorable defense of conflict preemption, as the application of state law to punish ESI for ceasing business relations with drug traffickers and Medicaid fraudfeasors conflicts significantly with the federal interest in detecting and punishing such conduct.

### Diversity Jurisdiction

34. As an alternative basis for removal, this Court has original jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity between plaintiffs and all properly joined defendants.

35. All of the plaintiffs are citizens of Kentucky for purposes of diversity jurisdiction. The only properly joined defendants are ESI and PGBA, which are citizens of Delaware, Missouri and South Carolina for purposes of diversity. The non-diverse defendants Dudinskie, Hensley and Humana are fraudulently joined to defeat diversity.

36. The joinder of Dudinskie and Hensley is fraudulent, because the complaint does not state a cause of action against them and there is no reasonable possibility that

Plaintiffs can amend to state a cause of action against them. To the extent that the complaint seeks to recover against them as agents of the Kentucky Attorney General, they are entitled to the State's sovereign immunity. To the extent that the complaint seeks to recover from them in their individual capacities, they are entitled to official immunity. The complaint does not state a cause of action against Dudinskie and Hensley because it pleads no facts that avoid that official immunity. Plaintiffs cannot amend the complaint to state such facts because they have repeatedly filed similar lawsuits against Kentucky law enforcement personnel and have repeatedly lost.

37.   The joinder of Humana is fraudulent, because the complaint does not state a cause of action against Humana and there is no reasonable possibility that Plaintiffs can amend it to state a cause of action against Humana. The complaint alleges no facts at all about Humana's role in ESI's termination of Grider Drug from ESI's network. Plaintiffs cannot amend to state a cause of action because Humana had nothing to do with ESI's decision.

38.   The amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of interest and costs. The complaint seeks equitable relief reinstating Grider Drug to the ESI network. In this Circuit, the Court determines the amount in controversy based on the value of such relief to the plaintiff.    Between January 1, 2002, and September 10, 2008, ESI paid Grider Drug more than $1,400,000, or an average of more than $200,000 per year. In each of 2006, 2007 and 2008, ESI paid Grider Drug No.2 more than $350,000 per year. Thus, a preliminary injunction lasting only three months would benefit Grider Drug No.2 by more than the jurisdictional amount. The complaint

also seeks actual and punitive damages, which would further increase the amount in controversy.

39. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the Individual Plaintiffs' claims, regardless of the amount in controversy with respect to those claims.

## Procedural Compliance

40. On or about June 19, 2009, plaintiffs filed their action against ESI and several other defendants. Service was effected upon ESI on or about June 26, 2009. A true and accurate copy of the summons is attached hereto as **Exhibit M**. The summons and the pleadings attached as **Exhibit L** are the only process, pleadings or orders served on ESI to date.

41. Pursuant to 28 U.S.C. § 1446(b), this notice is timely in that ESI has filed it within 30 days of service and less than one year after commencement of the lawsuit.

42. Venue is proper in this district in that the circuit court of Russell County is located within the Western District of Kentucky.

43. Contemporaneously with the filing of this notice, ESI is filing notice with the clerk of the circuit court of Russell County, Kentucky.

44. Consent of the other defendants to removal is not required for a federal officer removal. Consent of the fraudulently joined defendants is not necessary for removal. PGBA has consented to removal.

45. ESI REQUESTS A JURY TRIAL.

Wherefore, ESI respectfully files this notice of removal of this action from the circuit court of Russell County, Kentucky to the United States District Court for the Western District of Kentucky.

>BELL, ORR, AYERS, & MOORE, PSC
>
>By:/s/ Barton D. Darrell
>
>**Barton D. Darrell, Esq.**
>1010 College Street, P,O. Box 738
>Bowling Green, KY 42102-0738
>Telephone 270.781.8111
>Fax 270.781.9027
>*darrell@boamlaw.com*
>
>and
>
>James F. Monafo, Esq.
>Michael P. Nolan, Esq.
>HUSCH BLACKWELL SANDERS, LLP
>190 Carondelet Plaza, Suite 600
>St. Louis, MO 63105
>Office: (314) 480-1500
>Fax No: (314) 480-1505
>
>Attorneys for Express Scripts; Inc.

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 23rd day of July, 2009, by first class mail, postage prepaid, to:

Robert L. Bertram
BERTRAM & WILSON
One Monument Square
PO Box 25
Jamestown, KY 42629
*Attorney for Plaintiff*

Mr. Tony Kerr
Russell Circuit Court Clerk
410 Monument Square
Jamestown, KY  42629

By: /s/ Barton D. Darrell
Attorneys for Express Scripts, Inc.